IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Terron Gerhard Dizzley, | ) | Case No.: 8:23-cv-4221-JD-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| Warden William Langdon, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) of the District of South Carolina.[1]  (DE 7.)  Petitioner Terron Gerhard Dizzley ("Petitioner" or "Dizzley"), proceeding *pro se,* filed a Petition for a writ of habeas corpus action under 28 U.S.C. § 2254 against Respondent Warden William Langdon ("Respondent" or "Warden Langdon").  Dizzley is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is now confined at the Allendale Correctional Institution.  (DE 1, p. 1.)  Dizzley was convicted on April 3, 2014, in the Georgetown County Court of General Sessions, case number 2009-GS-22-00778, for murder and possession of a weapon during the commission of a violent crime and was sentenced the same day to a term of 35 years imprisonment.  (DE 1 at 1.)  On August 21, 2023, Dizzley petitioned this Court asserting 54

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

grounds for "his immediate relief from being falsely imprisoned by the State of South Carolina." (Id. at 15.)

Under established local procedure in this judicial district, the Magistrate Judge reviews the pro se petition under the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, April 24, 1996, 110 Stat. 1214, and in light of Denton v. Hernandez, 504 U.S. 25 (1992) and Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995). This Court is also charged with screening Petitioner's lawsuit to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2012). Under this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).

On September 18, 2023, the Magistrate Judge issued the Report, recommending summary dismissal of the petition because it was untimely under the applicable statute of limitations. (DE 7.) Under the AEDPA, a petitioner has one year to petition for a writ of habeas corpus. See 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). The statute tolls the limitations period during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2). The Report found that Petitioner was convicted on April 3, 2014, and he was sentenced that day. (DE 1 at 1.) The Report says:

> Because Petitioner filed a direct appeal, his conviction became final on November 2, 2015, 90 days after the remittitur was issued by the South Carolina Court of Appeals on August 4, 2015. See Rule 203(b)(2), SCACR; Crawley, 257

F.3d at 398.  Thus, the AEDPA's one-year statute of limitations began to run on that date and would expire on November 2, 2016, unless the time was tolled.

As noted, Petitioner filed a PCR application in the Georgetown County Court of Common Pleas on September 9, 2015.  When Petitioner filed his PCR application, no days of non-tolled time had lapsed because he filed his PCR action prior to the date that his conviction became final.  Thus, Petitioner had the full 365 days of non-tolled time remaining within which to timely file a federal habeas petition following the conclusion of the state court proceedings on his PCR application.

The PCR Court entered its order of dismissal on December 2, 2019.  Petitioner filed an appeal, and the South Carolina Supreme Court dismissed the appeal by order dated April 27, 2021, and the remittitur was entered on the PCR docket on May 19, 2021. The judgment in the PCR action became final at that time. See Smith v. Warden of Perry Corr. Inst., No. 8:18-cv-2841-RMG, 2019 WL 1768322, at *2 (D.S.C. Apr. 22, 2019) ("The tolling period ends when the final state appellate decision affirming denial of the application is filed in the state circuit court.").  Thus, the one-year statute of limitations began to run on May 19, 2021.

As noted, Petitioner had 365 days of non-tolled time remaining, or until May 19, 2022, to file a federal habeas action.  Petitioner filed the instant habeas action, at the earliest, on August 21, 2023.[]  As such, Petitioner filed the instant Petition 459 days—more than 15 months—after the expiration of the statute of limitations.

(DE 7 at 6-8.)

Dizzley objects to the report and raises several other procedural motions in a 220-page response to the Report.[2]  (DE 10.)  However, to be actionable, objections to a report and recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140

---

[2]    Dizzley did not seek leave of the Court to exceed the page limit of 35 pages for his objection and other matters.  See Local Civil Rule 7.05(B)(1) of the District of South Carolina.

(1985)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Aside from the many issues raised in Dizzley's memorandum (DE 10) and as for the Report, Dizzley ostensibly raises three objections:  1) the facts supporting the [Report] are an incorrect and erroneous assessment of the procedural history of his case and are contrary to clearly established federal law as determined by the Supreme Court of the United States (id. at 3), 2) he did not file an appeal to his PCR on April 27, 2021, (id. at 55), and 3) the Report fails to address the circumstances of which his direct appeal was withdrawn (id. at 67).

As for his first objection, Dizzley claims that on October 28, 2021, he filed a motion in state court – "Emergency Exparte and Proposed Motion for Immediate Release, Double Jeopardy, False Imprisonment, Lack of Trial Court's Jurisdiction to Impose Sentence".  (DE 10, p. 3.) Dizzley contends Judge Culbertson issued an order on April 12, 2022, denying his emergency petition without ruling on the case's merits.  (Id.) Dizzley also contends that after Judge Culbertson refused to reconsider the matter, he filed an appeal, which the South Carolina Court of Appeals ("Court of Appeals") dismissed as untimely and remanded to the lower court.  (Id.)  According to Dizzley, Judge Culbertson held a hearing on November 17, 2022, and denied his double jeopardy claim.  (DE 10, p. 6.)  Dizzley claims he is not time-barred from filing a habeas petition from the date of that order.  The Court disagrees.  To begin with, Dizzley does not dispute that the PCR Court entered its order of dismissal on December 2, 2019.  The South Carolina Appellate Case Management System ("SCACMS") records indicate that Dizzley filed a Notice of Appeal

challenging the decision on February 14, 2020.[3]  The South Carolina Supreme Court dismissed the appeal by order dated April 27, 2021, and the remittitur was entered on the PCR docket on May 19, 2021.  Therefore, the judgment in the PCR action became final at that time.  It appears Dizzley's dispute about his double jeopardy motion relates to another state court action and not his PCR.  Even if it were related to his PCR, the Report points out that this would not toll the limitations period under the statute where the highest state court has disposed of the case.[4]  See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999).  This objection is therefore overruled.

Next, Dizzley seeks to correct the record about the Report's statement that "Petitioner filed an appeal, and the South Carolina Supreme Court dismissed the appeal by order dated April 27, 2021, and the remittitur was entered on the PCR docket on May 19, 2021," (DE 7 at 7).  Dizzley claims "he never filed this 'alleged' appeal to his PCR on April 27, 2021, does not have knowledge of such appeal, never signed any indigent forms for a[n] indigent lawyer, and never received notice of such appeal nor the remittitur."  (DE 10 at 55-56.)  Thus, Dizzley claims the order is fraudulent.

---

[3]    SCACMS records also indicate that Dizzley's counsel moved to be relieved as counsel on February 19, 2020, and on April 10, 2020, Dizzley moved to proceed pro se on his appeal.  See https://ctrack.sccourts.org/public/caseView.do?csIID=71679 (last visited October 30, 2023); see also Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'" (citation omitted)).  The South Carolina Supreme Court granted both requests.  Nevertheless, on April 27, 2021, the South Carolina Supreme Court dismissed Dizzley's appeal because he failed to serve and file a petition for a writ of certiorari and appendix as required by Rule 243(d) of the South Carolina Appellate Court Rules.  See Dizzley v. State, 2015-CP-2200845, https://publicindex.sccourts.org/Georgetown/PublicIndex/PISearch.aspx (search case number "2015CP2200845") (last visited October 30, 2023).

[4]    In addition, the Report correctly addresses if Dizzley's claim arises from additional motions in his underlying criminal case, noting that those motions likewise would not toll the limitations period.  (DE 7 at 9 (citing DE 1, p. 4 (indicating Petitioner moved for a new trial and a state habeas in his criminal case at state docket number 2009-GS-22-00778); Sanders v. Warden of Allendale Corr. Inst., No. 2:17-cv-01819-HMH-MGB, 2018 WL 4090627, at *4 (D.S.C. Aug. 28, 2018) ("AEDPA provides that only a 'properly filed' PCR action tolls the statute of limitations" once a conviction becomes final)).)  Therefore, to the extent Dizzley's claim is based on other motions, it is overruled.

(Id.)  The Court disagrees.  First, the Report does not find that Dizzley filed an appeal on April 27, 2021; instead, the Report found that the South Carolina Supreme Court dismissed the appeal on that date.  (See DE 7 at 3, 7.)  The Court has also reviewed the public record and finds that the Report is consistent with the public record.  Dizzley's counsel first filed his notice of appeal, and after that, Dizzley moved to proceed pro se.  See supra note 3.  Court records also indicate Dizzley was notified on May 14, 2021, that the case was remitted to the lower court.  Dizzley's objection does not support his claim that he lacked knowledge or information about his PCR appeal, its disposition before the South Carolina Supreme South Court, or his delay in seeking habeas relief.  Accordingly, his objection is overruled.

Lastly, Dizzley objects to the Report's "State Court Procedural History" section on his Direct Appeal, (DE 7 at 2).  The Report pointed out that Dizzley filed a direct appeal from his conviction and sentence, but the Court of Appeals dismissed his appeal on July 16, 2015.  (DE 7 at 2); see State v. Dizzley, No. 2014-001339, https://ctrack.sccourts.org/public/ caseView.do?csIID=57006 (last visited Oct. 30, 2023).  In its dismissal, the Court of Appeals said, "[i]t appears that [Petitioner], with full understanding of all possible consequences of this action and with agreement of counsel, wishes to withdraw and dismiss this matter."  Id.  Dizzley argues that the Report fails to address the circumstances under which his direct appeal was withdrawn.  (DE 10 at 67.)  Nevertheless, the Court overrules this objection because the Report's stated procedural history accurately reflects the case history and is immaterial to Dizzley's petition's timeliness.

Accordingly, after thoroughly reviewing the Report and Recommendation and the record, the Court adopts the Report (DE 7) and incorporates it by reference as modified.

It is, therefore, ORDERED that Dizzley's Petition (DE 1) is dismissed without requiring the Respondent to file an answer or return.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 31, 2023

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.